**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

**MONTU LIGHTEN,**

                    **Plaintiff,**

**v.**                                                   **23-CV-216-JLS(HKS)**

**THE CITY OF TONAWANDA,**
**NEW YORK, THE CITY OF TONAWANDA**
**POLICE DEPARTMENT, BRIAN LAVEY**

                      **Defendants.**

## REPORT, RECOMMENDATION, AND ORDER

This case was referred to the undersigned by the Hon. John L. Sinatra, Jr., pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #5. Plaintiff brings this civil rights action pursuant to 42 U.S.C. § 1983 seeking relief for alleged false arrest and false imprisonment in violation of his rights under the Fourth and Fourteenth Amendments to the United States Constitution. Dkt. #1-2.

Currently before the Court is defendants' motion to dismiss. Dkt. #11. For the following reasons, it is recommended that the motion be granted and that plaintiff's claims be dismissed with prejudice.

## BACKGROUND

Plaintiff Montu Lighten filed a complaint in the Supreme Court of Erie County on November 1, 2022, alleging false arrest and false imprisonment in violation of the Fourth and Fourteenth Amendments, pursuant to 42 U.S.C. § 1983. Dkt. #1-2. Plaintiff

named as defendants The City of Tonawanda, New York; The City of Tonawanda Police Department ("CTPD"); and Officer Brian Lavey ("Lavey"). Dkt. #1-2.

Plaintiff's complaint alleged limited facts in support of his claims. He alleged that he was arrested by defendant Lavey on July 5, 2018 at approximately 1:10 a.m. in Tonawanda, New York. Dkt. #1-2, ¶ 12. He further alleged that the CTPD and Lavey unlawfully charged him with "criminal contempt in the Second Degree, Penal Law Section 215.50-3 without sufficient investigation or probable cause, and based upon an improper motive." Dkt. #1-2, ¶ 13. Plaintiff also alleged that "there was no effective Order of Protection in place that had been served on Plaintiff." Dkt. #1-2, ¶ 14. Finally, plaintiff alleged that "[a]ll criminal charges filed against Plaintiff by defendants were terminated in Plaintiff's favor, yet the defendants' unlawful arrest led to a detainer and continued unlawful imprisonment of Plaintiff." Dkt. #1-2, ¶ 16.

Defendants removed the action to this Court on March 13, 2023, pursuant to 28 U.S.C. §§ 1331 and 1446. Dkt. #1.[1]

On April 19, 2023, defendants filed a motion to dismiss arguing, *inter alia*, that plaintiff's claims are untimely; that plaintiff pled insufficient facts to state his claims; and that the CTPD is not a proper party.[2] Dkt. #11. On May 26, 2023, plaintiff filed a

---

[1] Defendants were not served until February 28, 2023. Dkt. ##1-3, 1-4, 1-5. Removal was thus timely under 28 U.S.C. § 1446(b).

[2] Defendants also argued that, to the extent that plaintiff's complaint could be construed as also alleging a malicious prosecution claim, such a claim was time-barred and insufficiently pled. Dkt. #11-3, pp. 9-10. However, plaintiff has not pursued such a claim.

memorandum in opposition to defendants' motion to dismiss, as well as an amended complaint. Dkt. ##15, 16. Defendants filed a reply on June 8, 2023. Dkt. #17.

## DISCUSSION AND ANALYSIS

### Rule 12(b)(6)

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). It is not enough for a plaintiff to allege facts that are consistent with liability; the complaint must "nudge[ ]" claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. To survive dismissal, a complaint's "factual allegations must be enough to raise a right to relief above the speculative level." *Melendez v. Sirius XM Radio, Inc.*, 50 F.4th 294, 306 (2d Cir. 2022).

On a Rule 12(b)(6) motion, "all factual allegations in the complaint are accepted as true and all inferences are drawn in the plaintiff's favor." *Apotex Inc. v. Acorda Therapeutics, Inc.*, 823 F.3d 51, 59 (2d Cir. 2016). However, a court does not consider "conclusory allegations or legal conclusions couched as factual allegations." *Dixon v. Blanckensee*, 994 F.3d 95, 101 (2d Cir. 2021).

### 42 U.S.C. § 1983

Plaintiff alleges claims pursuant to 42 U.S.C. § 1983 for the alleged deprivation of his rights under the Fourth and Fourteenth Amendments to the U.S. Constitution. In relevant part, Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ..., subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983. "Section 1983 'is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred.'" *Matthews v. City of New York*, 889 F. Supp.2d 418, 428-29 (E.D.N.Y. 2012) (quoting *Graham v. Connor*, 490 U.S. 386, 393–94 (1989)).

"To state a claim under Section 1983, a plaintiff must allege that "(1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States." *Id.* at 429 (citation and internal quotations omitted).

### **Plaintiff's Amended Complaint**

Defendants argue in their reply brief that the Court should not consider plaintiff's amended complaint because it was not timely filed pursuant to Fed. R. Civ. P. 15(a)(1). Dkt. #17-2, p. 1-2.

Rule 15(a)(1) provides, in relevant part, that a party may amend its pleading once as a matter of course within 21 days after service of a motion under Rule 12(b). Fed. R. Civ. P. 15(a)(1).

~ 4 ~

Here, defendants filed their motion to dismiss on April 19, 2023, but plaintiff did not file his amended complaint until 37 days later, on May 26, 2023. Dkt. ##11, 15. Defendants are thus correct that plaintiff did not comply with Rule 15.

However, defendants do not say that they are prejudiced by plaintiff's late filing, and they argue in the alternative that if the Court considers the amended complaint, it should be the subject of their motion to dismiss. Dkt. #17-2, p. 2.

"[I]f the proposed amended complaint does not seek to add new claims or parties, and the Defendants have had a sufficient opportunity to respond to the new pleading, then, for the purposes of procedural efficiency, the merits of the pending motion to dismiss ought to be considered in light of the proposed amended complaint." *Kilpakis v. JPMorgan Chase Fin. Co., LLC*, 229 F. Supp.3d 133, 139 (E.D.N.Y. 2017) (citations omitted).

Because plaintiff's amended complaint does not add new claims or parties, and because defendants addressed the pleading in their reply brief, the Court should exercise its "extensive discretion" and consider the amended complaint as the subject of defendants' motion to dismiss. *Id.*

**Statute of Limitations**

New York's three-year statute of limitations "governs [section] 1983 claims brought in federal district court in New York." *Bowers v. City of Salamanca* 20-CV-1206-LJV, 2021 WL 2917672, at *5 (W.D.N.Y. July 12, 2021) (citation and internal quotations omitted).

Further, a majority of federal district courts in New York have held that Executive Orders issued by the Governor of New York during the COVID-19 pandemic apply to § 1983 actions in federal courts and tolled the statute of limitation for such claims from March 20, 2020 to November 3, 2020, a period of 228 days. *McDonald v. City of New York*, 20-CV-4614 (MKB), 2022 WL 1469395, at *3 (E.D.N.Y May 10, 2022). *See also Wik v. Village of Holley*, 22-CV-6414DGL, 2023 WL 6958794, at *4-5 (W.D.N.Y. Oct. 20, 2023) (discussing COVID-19 New York Executive Orders and holding that § 1983 limitations period was extended by the additional 228 days); *Colon v. Bermudez*, Case # 21-CV-6664-FPG, 2022 WL 4922024, at *2 (W.D.N.Y. Oct. 4, 2022) (similar).

Next, a section 1983 claim for false arrest "accrues, and the statute begins to run, at the time of the arrest." *Karcz v. City of North Tonawanda*, 20-CV-1045V(Sr), 2023 WL 2744836, at *8 (W.D.N.Y. Mar. 7, 2023) (citation omitted). "For a false imprisonment claim, the statue begins to run when the individual is arraigned on charges and becomes subject to legal process." *Id.*

Plaintiff alleges in his amended complaint that he was unlawfully arrested in the early morning hours of July 5, 2018 and arraigned later that day. Dkt. #15, ¶¶ 11, 18. The three-year-plus-228-days limitations period on his § 1983 claims thus ended on February 19, 2022. However, plaintiff did not file his first complaint in this matter until November 1, 2022, more than eight months later. Plaintiff's claims are thus untimely.

Plaintiff attempts to avoid this result by arguing that his claims accrued when he was released from custody on November 1, 2019. Dkt. #16, p. 5. Plaintiff is mistaken. While release from custody is the accrual event for false arrest/imprisonment claims under New York law, it is not under § 1983:

> [T]he accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law. . . . Thus, under federal law, plaintiff's claim of false imprisonment under § 1983 accrued when plaintiff was arraigned in 1997. . . . By contrast, the accrual date of a state common law cause of action is a question of state law, and under New York law, a cause of action for the tort of false imprisonment accrues not on the date of arraignment but on the date of the prisoner's release from confinement.

*Lynch v. Suffolk Cnty. Police Dep't*, 348 F. App'x 672, 675-76 (2d Cir. 2009) (citations and internal quotations omitted).

Finally, plaintiff's unexplained citation to *McDonough v. Smith*, 139 S. Ct. 2149 (2019), Dkt. #16, p. 5, is inapposite. *McDonough* addressed the accrual of § 1983 claims for fabrication of evidence and malicious prosecution, not false arrest or false imprisonment. *Id.* at 2154. Moreover, the Court affirmed the rule, discussed above, that

"the time at which a § 1983 claim accrues is a question of federal law." *Id.* at 2155 (citation and internal quotations omitted).

Because plaintiff's claims are time-barred, the Court need not address defendants' alternative attacks on the sufficiency of plaintiff's amended complaint.

It will thus be recommended that defendants' motion to dismiss be granted and that plaintiff's claims be dismissed with prejudice.

## **CONCLUSION**

For the foregoing reasons, it is recommended that defendants' motion to dismiss (Dkt. #11) be granted and that plaintiff's claims be dismissed with prejudice.

Therefore, it is hereby ORDERED pursuant to 28 U.S.C. § 636(b)(1) that:

This Report, Recommendation and Order be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed. R. Civ. P. 72(b) and Local Rule 72(b).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).

<u>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order</u>. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." <u>Failure to comply with the provisions of Rule 72(b) may result in the District Judge's refusal to consider the objection.</u>

The Clerk is hereby directed to send a copy of this Report, Recommendation and Order to the attorneys for the parties.

**SO ORDERED.**

DATED:   Buffalo, New York
November 29, 2023

**s/ H. Kenneth Schroeder, Jr.**
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**